IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWNEE MISSION UNITARIAN UNIVERSALIST CHURCH, : : : | |
| Plaintiff, : | Case No. 2:19-cv-02719-DDC-GEB |
| V. : : | |
| THE CITY OF LENEXA, KANSAS, : : | |
| Defendant. : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant City of Lenexa, Kansas ("City") submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint as unripe.

**INTRODUCTION**

In mid-October 2019, representatives of the Plaintiff Shawnee Mission Unitarian Universalist Church (the "Plaintiff") met with City representatives to informally raise the issue of opening an overnight homeless shelter. Plaintiff's thought was that the shelter would operate for the winter in Plaintiff's building beginning in December 2019. The Plaintiff has provided few written materials to the City related to their intended homeless shelter (other than the instant lawsuit), and never made any formal application for operation of the shelter. Nonetheless, a City official sent a letter to the Plaintiff on October 23, 2019, advising the Plaintiff that any such homeless shelter was not allowed under the zoning code. The letter closed by expressing willingness to work with the Plaintiff to find an appropriate location for a homeless shelter.

20102211-v4

According to the Lenexa zoning code, the determination that a homeless shelter was not a proper accessory use was subject to review by the Lenexa Board of Zoning Appeals (the "BZA"), which had full powers to grant the Plaintiff relief. Shortly after the letter was sent, a City official received a call from a representative of the Plaintiff inquiring about the appeal procedure. Returning the call, Ms. Magi Tilton, the Lenexa Planning & Development Services Administrator, explained the process and followed up with an email on October 28, 2019, in which she said:

> With respect to appealing this decision, the church may file an appeal with the Board of Zoning Appeals. I have attached the section of the Unified Development Code that explains more about the Board of Zoning Appeals. The Board of Zoning Appeals meets as needed, and follows the same deadline and meeting dates as the Planning Commission, as the Planning Commission serves as the Board of Zoning Appeals. If the church decides to file an appeal, the next deadline is October 30th for the meeting on December 2nd. In addition, an appeal must be filed within 30 days of the decision (October 23, 2019). For your convenience, I have attached a copy of the application. Please let me know if you have any additional questions.

Thus, a month before the homeless shelter planned to open, the City had responded to the Plaintiff's request, provided a preliminary determination, indicated a willingness to work with the Plaintiff and explained how the Plaintiff could appeal to the preliminary determination. There was plenty of time for the Plaintiff to pursue its rights before a December opening.

However, the Plaintiff did not seek a final decision from the BZA. Instead, it spent the next month planning the present lawsuit, which was served on the City Clerk the Tuesday before Thanksgiving. Claiming people would be left out in the cold, the Plaintiff sought a TRO. However, because the Plaintiff did not pursue its appeal to the BZA, its claims are not ripe. Therefore, the case should be dismissed by this Court.

Courts of Appeals, including this Circuit, recognize that finality is a critical element of ripeness. In the RLUIPA/religious liberty context, courts have held that where a zoning board of appeals is authorized to grant relief, a federal court has no jurisdiction until such an appeal is presented and decided. Since that did not occur here, City's motion to dismiss should be granted.

Despite Plaintiff's public narrative, the City is not responsible for any delay which may result from dismissal at this point. The City considered the Plaintiff's request, albeit an informal verbal request. Instead, City officials promptly provided an answer. Nor did the City remain silent about the Plaintiff's appeal rights, relying on the principle that every party is required to know the law. Rather, City officials took steps to explain the appeal process to the Plaintiff, including sending copies of the relevant code provisions and even the application form. It was the Plaintiff that chose to spend the month of November preparing an unripe lawsuit to be filed only eight days before it hoped to open the shelter. When this case is dismissed, and the Plaintiff has to go back to the BZA, the Plaintiff must bear the responsibility for that outcome and any corresponding delay.

## STATEMENT OF FACTS

The following facts are listed in order to comply with D. Kan. Rule 7.6(a). Defendant reserves the right to dispute these facts if the lawsuit progresses.

1. Plaintiff is a religious institution and nonprofit corporation organized under the laws of the State of Kansas, with its principal place of business located and maintained at 9400 Pflumm Road in the City of Lenexa, the County of Johnson and the State of Kansas. Doc. 1, ¶ 1

2. Defendant is a political subdivision located in Johnson County, Kansas and chartered by Kansas law, which, for purposes of RLUIPA and the Kansas Preservation of Religious Freedom Act, constitutes a "government." 42 U.S.C. § 2000cc-5(4)(A)(i)-(ii); Kan. Stat. Ann. § 60-5303(a); Doc 1, ¶ 2.

3. The City's zoning code governs land use and zoning within the City. The Code contains three zoning classifications, Residential, Nonresidential and Special Purpose, with a combined twenty-two zoning districts. Doc 1, ¶¶ 31, 32.

4. The Plaintiff is located in a Residential zone. Doc 1, ¶ 22.

5. The Plaintiff considers the use of its building for housing the homeless to be central to its sincerely held religious belief. Doc 1, ¶¶ 18, 54.

6. On October 14, 2019, representatives from the Plaintiff met with representatives of the City to discuss the proposal of the Plaintiff to house up to forty homeless people from 7:00 p.m. to 7:00 a.m. at the Plaintiff from December 1, 2019 through April 1, 2020. Doc 1, ¶ 39.

7. On October 24, 2019, the Plaintiff received a letter from Ms. Tilton advising it that the proposed use was not going to be approved as the use was "inconsistent" with the residentially zoned area. Doc 1, ¶ 43.

8. On October 28, 2019, Ms. Tilton received an inquiry from a representative of the Plaintiff inquiring about the process to appeal the letter's conclusion that the proposed homeless shelter was not a permitted accessory use. Affidavit of Magi Tilton (the "Tilton Affidavit"), ¶ 2.

9. Ms. Tilton sent an email to the Plaintiff's representative describing the procedure to appeal to the Board of Zoning Appeals ("BZA"), attaching a copy of the relevant code section and an application forum. Tilton Affidavit, ¶ 2

10. The Plaintiff has not appealed the City's decision to the City's Board of Zoning Appeals but instead filed this lawsuit on November 22, 2019. Tilton Affidavit, ¶ 2.

### ISSUE PRESENTED

1. Whether Plaintiff's failure to appeal the City's initial determination to the Lenexa Board of Zoning Appeals makes the relief it seeks in its Application for a Temporary Restraining and/or Preliminary Injunction, as well as the claims it asserts in its Complaint, not ripe for adjudication.

### ARGUMENT

**I. Standard Of Review**

 **A. Motion to Dismiss Standard**

The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995). Thus, a ripeness challenge is properly raised by a motion to dismiss and analyzed under Fed. R. Civ. P. 12(b)(1), which empowers a court to dismiss a complaint for lack of subject-matter jurisdiction. *Auto-Owners Ins. Co. v. Bolt Factory Loft Owners Assn.*, 398 F.Supp.3d 808, 812 (D. Col. 2019). *See also, Hickman v. LSI Corp.*, 2011 WL, 899270, *2 (D. Kan. 2011). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). As such, the Plaintiff bears the burden to establish jurisdiction over the claims asserted against City.

"[R]ipeness is peculiarly a question of timing." *Gonzalez*, 64 F.3d at 1499 (quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974). Ripeness is intended "to

prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). A court assessing the ripeness of a claim must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Utah v. U.S. Dep't of the Interior*, 210 F.3d 1193, 1196 (10th Cir. 2000) (quoting *Abbott Labs.*, 387 U.S. at 149). The ripeness doctrine is an important limitation which prevents courts from deciding untimely disputes until the controversy is certain and not contingent on future events. *See, Gonzales*, 64 F.3d at 1499. "In short, ripeness doctrine addresses a timing question: when in time is it appropriate for a court to take up the asserted claim." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Id.* However, where a movant attacks the factual basis for subject matter jurisdiction for ripeness, the Court "may not presume the truthfulness of the factual allegations in the complaint but may consider evidence to resolve disputed jurisdictional facts." *Hickman*, 2011 WL 1899270 at *2 citing *SK Finance SA v. La Plata County Board*, 126 F.3d 1272, 1275 (10th Cir. 1997). The Court also need not accept as true those allegations which state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**B.     Judicial Notice Standard**

On a motion to dismiss, a court may take judicial notice of its own files and records, as well as facts which are a matter of public record without converting a motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279, fn. 1 (10th Cir. 2004) quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Similarly, it is proper for a federal court to take judicial notice of state court documents, and Fed. R. Evid. 201 has been interpreted as "[a]uthorizing a federal court to take judicial notice of adjudicative facts at any stage of the proceedings..." *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) citing *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503-04 (10th Cir. 1997).

**II.     This Case Is Not Ripe Because There Has Been No Final Determination**

The Tenth Circuit has long recognized that the "ripeness doctrine cautions a court against premature adjudication of disputes involving administrative policies or decisions not yet formalized...." *Signature Properties Int'l v. City of Edmond*, 310 F.3d 1258, 1265 (10th Cir. 2002) quoting *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1231 (10th Cir. 2001). For this reason, before a federal court accepts a challenge to a local planning authority, "it must allow the local authority a chance to take final action." *Signature Properties Int'l*, 310 F.3d at 1267 quoting *Landmark Land Co. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989).

The finality requirement set forth in *Signature Properties* and *Landmark Land*, flows from the Supreme Court's decision in *Williamson County Reg. Planning Comm. v. Hamilton Bank*, 473 U.S. 172 (1985). *Williamson County* set forth a two-prong test for ripeness in a land

use dispute. The first prong was the requirement to obtain a final decision regarding how the property could be used, while the second prong dealt with state compensation. The second prong was overruled last June by *Knick v. Township of Scott*, 139 S.Ct. 2162, 2179 (2019). However, the Supreme Court in *Knick* specifically noted that the plaintiff "does not question the validity of th[e] finality requirement, which is not at issue here." *Id.*, at 2169.

Maintaining the prong-one finality requirement for ripeness is both consistent with pre-*Williamson County* precedent (*see, Abbott Labs*, 387 U.S. at 148) and the principles of federalism. It is neither efficient nor appropriate for a federal court to involve itself in a local zoning matter when further information and clarification – and more importantly, relief – is available at the local level.

### A. Courts Recognize Certain Considerations As Appropriate For Prong-One Ripeness

While the Tenth Circuit in *Signature Properties* held that substantive due process claims were subject to the prong-one finality requirement, that court has not ruled on the application of finality to RLUIPA and the related claims raised here.[1] Other Circuits have, however, and recognized that such claims are not ripe unless there has been a final determination of the application of the zoning law to the plaintiff's particular claim.

A leading case is *Murphy v. New Milford Zoning Comm.*, 402 F.3d 342 (2d Cir. 2005). Notably, the Plaintiff cites the *Murphy* district court decision in its Memorandum of Law in

---

[1] The court in *Roe No. 2*, 253 F.3d at 1231, described certain steps in a ripeness inquiry. That case involved a law school graduate objecting to drug and mental illness questions on a bar application, where the court found it would not benefit from further factual development in a facial challenge. The court in *Signature Properties* recognized the question whether further factual development would assist was different in the land use area, even though the process in *Signature Properties* had gone on for at least a year without final decision. 310 F.3d at 1267 n.7.

Support of Temporary Restraining Order and Preliminary Injunction. *See*, Doc. 8, at p. 27. However, the Plaintiff fails to inform this Court that the district court decision in *Murphy* was reversed by the Second Circuit.

In *Murphy*, the plaintiffs conducted weekly prayer meetings for up to sixty people in their home, located in a single-family zone. After complaints, the Zoning Enforcement Officer sent a letter advising the Murphys that they were in violation of the zoning code and, thereafter, issued a cease and desist order. As the court pointed out "[c]ritical to our decision today, the Murphys did not appeal the cease and desist order to the Zoning Board of Appeals…." *Id.* at 345 (emphasis added). Rather than seek relief from the Zoning Board of Appeals, the Murphys brought suit under RLUIPA. The district court denied a motion to dismiss claiming lack of ripeness, granted a TRO and then a preliminary injunction. *Id.*

On appeal, the Second Circuit ruled that the Murphys' claims were not ripe under prong-one. The court recognized four considerations that underlie prong-one ripeness: (1) requiring a final decision "aids in the development of a full record;" (2) only then will the court "know precisely how a regulation will be applied" to a particular property; (3) relief might be granted "without requiring judicial entanglement in constitutional disputes;" and (4) it "evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution" as "federal courts do not sit as zoning boards of review…". *Id.* at 348.

The Second Circuit's analysis – and its four considerations – have been adopted by other Courts of Appeal across the country. In *Grace Community Church v. Lenox Township*, 544 F.3d 609, 613 (6th Cir. 2008), the court held that a RLUIPA claim was not ripe because the plaintiffs

had not "sought relief from the Zoning Board of Appeals," which had "authority to reverse, modify or affirm" the Planning Commission. *Grace Community Church* (*id.* at 615) pointed out that a previous panel in an unreported decision, (*Insomnia Inc. v. City of Memphis*, 278 Fed. Appx. 609 (6th Cir., 2008)) had quoted and relied upon the four considerations from *Murphy*. The court's published precedential decision in *Grace Community Church* adopted the *Insomnia* approach. *Id.* at 615-617; *see also, Cong. Anshei Roosevelt v. P&Z Board of Roosevelt*, 338 Fed. Appx. 214, 217-218 (3d Cir. 2009) (deciding claim was unripe "by examining the facts and the claim in light of the four considerations outlined by the Second Circuit Court in *Murphy*"). The Ninth Circuit, in holding a RLUIPA claim unripe, concluded:

> All of the circuits to address this issue have applied the final decision requirement to RLUIPA claims, as well as to related First Amendment-based § 1983 claims when they were presented, reasoning that the requirement of a final decision – either on a variance application, a special use permit application, or through a single appeal of a denial permit – served the purposes of the ripeness doctrine, as outlined by *Murphy*.

*Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 979 (9th Cir. 2011).[2]

As the Ninth Circuit and other courts have recognized, the *Murphy* finality considerations apply equally to federal and state constitutional challenges, including 1st Amendment and other claims. *See, e.g., Grace Community Church*, 544 F.3d at 615 ("The finality requirement has been applied to various constitutional claims arising out of land use disputes"); *Murphy*, 402 F.3d at 352 ("it is appropriate to apply *Williamson County's* prong-one finality to each of the Murphy's claims," including First Amendment Free Exercise, Peaceable Assembly, and the state

---

[2] *See also, Jorco II v. City of Choctaw*, 2006 WL8436295 (W.D. Okl. 2006) citing *Signature Properties* and *Landmark Land* (land use claim unripe where city did not finally rule out development and plaintiff did not appeal to Board).

- 10 -

analogue to RLUIPA); *Cong. Anshei Roosevelt*, 338 Fed. Appx. at 217 (collecting cases) ("Subsequent decisions applied this ripeness requirement to land use disputes implicating other constitutional claims"). Thus, not only are the Plaintiff's RLUIPA and KPRFA claims unripe, but also each of the other Counts in the Plaintiff's Complaint.

**B.      There Has Been No Final Determination Concerning The Lenexa Code**

The Plaintiff has only ever made an informal presentation concerning their plans for the homeless shelter. In an effort to be responsive to the timeline articulated by the Plaintiff, the City did not require Plaintiff file any formal application in order to conduct a full evaluation of the proposed use in accordance with applicable occupancy requirements of the building and fire codes. Section 4-1-F-1 of the Lenexa Unified Development Code (the "Code") (*See* Exhibit 3) lays out the requirements for an application to the Community Development Director for a project such as the one Plaintiff informally proposed. The parties never got to that step because after a determination on the accessory use, except for a request under the Kansas Open Records Act on November 15, 2019 for extensive documents (to which the Plaintiff did not respond to several City attempts to obtain clarification) there was no more communication from the Plaintiff until the City received this lawsuit. After the October meeting with Plaintiff, officials sent a letter dated October 23, 2019, advising the Plaintiff that "the City will not allow Project 10 20 to operate the proposed overnight homeless shelter at the Church." *See* Exhibit 1 (Tilton Affidavit; Pages 4-5).

Even accepting that this one-page letter constituted an initial denial, the paucity of the record for this Court's review without an appeal to the BZA is obvious. This October 23, 2019 determination by a City official is exactly the type of determination for which Lenexa City Code

provides an appeal process to the BZA which is set out in Lenexa City Code Section 4-1-K-3. *See* Exhibit 2. And significantly, a representative of the Plaintiff was specifically advised of the procedure for an appeal even before the second meeting between the City and the Plaintiff. *See* Exhibit 1 (Tilton Affidavit, Page 3). The Plaintiff's choice not to avail itself of that more formal procedure to obtain a clear final determination makes its claims not ripe.

Section 4-1-K-3 sets out the procedure for appeals to the BZA. It states an appeal, "may be taken from any action of the Community Development Director – or any other public official administrating this Chapter 4-1." The BZA has jurisdiction and can hear appeals of "any order, requirement, decision or determination made by an administrative official…." Section 4-1-K-3(B). The determination that the homeless shelter is not an accessory use clearly falls within the BZA's broad authority. The powers of the BZA are similarly broad. Section 4-1-K-3(E) states:

> **Action by Board:** In considering appeals, the Board, in conformity with this Chapter and with K.S.A. 12-759, as amended, may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination and, to that end, shall have all the powers of the officer from whom the appeal is taken, may attach appropriate conditions and may issue or direct the issuance of a permit.

The court in *Murphy* recognized that a party did not have to appeal to a zoning board of appeals, "if it sits purely as a remedial body," one that has no independent decision-making authority. *See*, 402 F.3d at 349, citing *Williamson County*, 473 U.S. at 193. *See also, Guatay Christian Fellowship*, 670 F.3d at 980.[3] Section 4-1-K-3(E) demonstrates that the BZA is not merely a remedial body but has full power to independently determine the issue concerning the homeless shelter.

---

[3] *Murphy* recognized another exception for futility where the Board had no authority or discretion, which does not apply here. *See also, Grace Community Church*, 544 F.3d at 617 (rejecting claim of futility).

An appeal to the BZA would fulfill all of the considerations in *Murphy*. First, it would aid in the development of a record, which is sparse based only on two informal meetings. Second, the BZA could make its own determination so that the application of the accessory use principle would be clear for court review. Third, the BZA could change or modify the Community Development officers' determination, making this entire lawsuit unnecessary. Finally, the initial decision could be resolved at the local level, where it belongs, freeing this Court from acting as a zoning review body in place of the BZA.

Under these circumstances, the Plaintiff was required to appeal the initial determination of the October 23 letter to the BZA for a final determination. As a result of the Plaintiff's choice not to do so, its claims lack ripeness and this Court lacks jurisdiction.

## **CONCLUSION**

The Plaintiff has not and cannot demonstrate that this case is ripe. Without an appeal to, and decision by, the BZA, there is no final determination for this Court to review. Therefore, this case should be dismissed.

Respectfully submitted

/s/ David Jack
David Jack, Ks #24878
Lenexa Assistant City Attorney
Cynthia L. Harmison, KS #13093
Lenexa City Attorney
17101 W. 87th Pkwy
Lenexa, KS 66219
(913) 477-7620 (phone)/(913) 477-7639 (fax)
djack@lenexa.com
charmison@lenexa.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on Plaintiff's counsel on this 5th day of December, 2019, via the Court's CM/ECF system.

/s/ David Jack